# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED:  OCTOBER 20, 2022
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2021-SC-0493-MR

JALEN WILLIAMS                                             APPELLANT


|  | ON APPEAL FROM THE HARDIN CIRCUIT COURT |
| --- | --- |
| V. | HONORABLE KELLY MARK EASTON, JUDGE |
|  | NO. 20-CR-00819 |


COMMONWEALTH OF KENTUCKY                             APPELLEE

**MEMORANDUM OPINION OF THE COURT**

**AFFIRMING IN PART AND VACATING IN PART**

Jalen Ray Williams appeals, as a matter of right,[1] his conviction and sentence for murder, first-degree assault, first-degree robbery, tampering with physical evidence, and being a convicted felon in possession of a handgun.  We affirm Williams's conviction but vacate the jail fees imposed against him.

## I.  FACTS AND PROCEDURAL BACKGROUND

In September 2020, Juwone Doleman invited Jalen Williams to travel from Louisville to Kelsey Davis's apartment in Elizabethtown to party.  After partying awhile, Doleman and Davis went to the bedroom to have sex, leaving Williams in the living room.

---

[1] Ky. Const. § 115.

It is undisputed that Williams later shot Doleman and Davis in the bedroom, killing Doleman and injuring Davis. The parties dispute the circumstances of the shooting.

Williams testified that Doleman called him into the bedroom, pointed a gun at him, and told him to empty his pockets. Williams claimed a struggle ensued, he eventually got the gun from Doleman, and he shot Doleman and Davis in self-defense.

The Commonwealth's theory of the case was that Williams was in the course of robbing Doleman and that Williams shot Doleman and Davis while they were asleep. Davis testified that she was asleep when she heard a gunshot. She initially lost her vision and could not breathe. When Davis's vision returned, she testified that she got up, went to the front door, and saw Williams fleeing the apartment.

Williams was arrested several weeks after the shooting. He was charged with murder, first-degree assault, first-degree robbery, tampering with physical evidence, and possession of a handgun by a convicted felon. After a jury trial, Williams was convicted on all charges. The trial court imposed a combined forty-year sentence. Williams now appeals as a matter of right.

## II. ANALYSIS

Williams asserts two errors. First, he argues that the trial court erred by excluding evidence of crime statistics from his neighborhood. Second, he contends that the trial court erred by imposing jail fees as part of his sentence. We address both claims below.

2

## A. The trial court did not abuse its direction by excluding maps showing crime statistics data.

Williams argues the trial court erred by excluding maps depicting crime statistics data. Williams sought to introduce maps showing crime statistics data between January 2021 and July 2021 from the west end of Louisville, where he lived. The Commonwealth objected to introduction of the maps. The trial court sustained the Commonwealth's objection, concluding that the proffered data was of little probative value and would confuse the issues because the crime data was from a period after the shooting occurred.

We review a trial court's evidentiary rulings for abuse of discretion.[2] "The test for abuse of discretion is whether the trial court's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles."[3]

Williams argues that the data illustrated by the crime statistics maps was relevant to his self-protection defense under KRS 503.050. Specifically, Williams argues the data would have demonstrated that he lived in a high-crime area and that he was under a consistent threat of force because of where he lived. Further, Williams contends that the crime statistics maps would have indicated that he was more susceptible to having a reasonable belief of fear.

But the trial court did not abuse its discretion by excluding the crime statistics maps that Williams sought to introduce because the maps reflected crimes that occurred *after* the shooting at issue in this case. The shooting

---

[2] *Kerr v. Commonwealth*, 400 S.W.3d 250, 261 (Ky. 2013).

[3] *Tigue v. Commonwealth*, 600 S.W.3d 140, 150 (Ky. 2018) (quoting *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999)).

3

underlying this case occurred in September 2020. The maps proffered by Williams reflected crime statistics data between January 2021 and July 2021. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."[4] Crime statistics data from January 2021 through July 2021 could not have had any impact on Williams's state of mind in September 2020. As a result, the trial court did not abuse its discretion by excluding evidence of post-shooting crime statistics data.

## B. The trial court erred by imposing jail fees against Williams.

Williams argues that the trial court erred in imposing jail fees as part of his sentence. He acknowledges that this claim of error is not properly preserved for appeal. "Nonetheless, since sentencing is jurisdictional it cannot be waived by failure to object. Thus, sentencing issues may be raised for the first time on appeal."[5] Williams requests review for palpable error.

At the sentencing hearing, the trial court waived any fines or court costs because Williams was indigent. In the final judgment, however, the trial court ordered Williams to reimburse the Hardin County Jailer for the costs and fees of incarceration. On the final judgment form, the trial court took "judicial

---

[4] Kentucky Rule of Evidence ("KRE") 401.

[5] *Capstraw v. Commonwealth*, 641 S.W.3d 148, 161 (Ky. 2022) (quoting *Travis v. Commonwealth*, 327 S.W.3d 456, 459 (Ky. 2010) (alteration omitted)).

4

notice of Hardin County Fiscal Court Resolution 2005-063 and its successor resolutions authorizing and adjusting such costs and fees."

Williams argues that the trial court erred by imposing jail fees because there was no evidence presented that the Hardin County Jail had adopted a jail fee reimbursement policy. We agree. Recently, in *Capstraw v. Commonwealth,* we held that "in order to impose jail fees against a criminal defendant during sentencing, there must be some evidence presented that a jail fee reimbursement policy has been adopted by the county jailer with approval of the county's governing body in accordance with KRS 441.265(2)(a)."[6] Here, review of the trial court record demonstrates that no evidence regarding a jail fee reimbursement policy was admitted during the sentencing hearing. Citation to a government document on a final judgment form does not constitute presentation of evidence. As a result, the trial court erred by imposing jail fees because evidence of a jail fee reimbursement policy was not *presented* on this record.

We understand that this is a highly technical application of our recent holding in *Capstraw.* Still, *Capstraw* requires that evidence of a jail fee reimbursement policy be presented. Here, there was no discussion of the reimbursement policy during the sentencing hearing. And we are unaware of any motion asking for imposition of jail fees or request that the trial court take judicial notice of the jail fee reimbursement policy. Instead, the trial court sua

---

[6] *Id.* at 161–62.

5

sponte took judicial notice of the jail fee reimbursement policy in writing on the face of the final judgment form. This deprived Williams of an opportunity to challenge the existence of the jail-fee reimbursement policy or to argue against imposition of jail fees as part of his sentence. Consequently, the jail fees imposed against Williams must be vacated.

### III. CONCLUSION

Based on the foregoing, we vacate the portion of the judgment imposing jail fees against Williams. Williams's conviction and sentence are affirmed in all other respects.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Robert C. Yang
Department of Public Advocacy


COUNSEL FOR APPELLEE:

Daniel J. Cameron
Attorney General of Kentucky

Jenny L. Sanders
Office of the Solicitor General